**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JETGLOBAL, LLC, | ) | |
| | ) | Case No. 08CV3723 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Emergency Judge Der-Yeghiayan |
| v. | ) | |
| | ) | |
| AVIATION FINANCE GROUP, LLC and | ) | Judge Darrah |
| CRAIG GARRICK, | ) | |
| Defendants. | ) | |

## <u>RE-NOTICE OF EMERGENCY MOTION</u>

TO:    R. Bruce Duffield
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315

PLEASE TAKE NOTICE that the undersigned will appear before the Honorable

Judge Samuel Der-Yeghiayan on July 23, 2008 at 9:00 A.M. in Courtroom 1203 in the Federal

Office Building, 219 South Dearborn Street, Chicago, Illinois, or before any judge sitting in his

stead, and present the Agreed Motion to Confirm Arbitration Award, a copy of which has been

served upon you and is attached hereto as Exhibit A.

This motion is being presented on an emergency basis given that Judge Darrah is

on vacation and has entered and continued this motion until September 10, 2008, thereby

precluding Plaintiff JetGlobal from executing on this judgment until at least such time.

JetGlobal will be prejudiced if this agreed motion is not entered until September 10, 2008.

Defendant Garrick is currently being investigated by bank examiners and his assets are at risk for

dissipation.

Dated:  July 18, 2008

Respectfully submitted,

By:  /s/William C. O'Neil

Derek J. Sarafa – dsarafa@winston.com
William C. O'Neil – woneil@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

*Counsel for JetGlobal, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been personally served on the following counsel of record this 3rd day of July, 2008.

R. Bruce Duffield – broche@reedsmith.com

Bryan Cave LLP
Attn: R. Bruce Duffield
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315

/s/ Robert M. Jacobs

## <u>INDEX OF EXHIBITS</u>

**Exhibit A –** Plaintiff JetGlobal's Agreed Motion to Confirm Arbitration Award

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISRICT OF ILLINOIS

| | | |
|---|---|---|
| JETGLOBAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  08CV3723 |
| | ) | |
| AVIATION FINANCE GROUP, LLC and | ) | |
| CRAIG GARRICK, | ) | Honorable John W. Darrah |
| | ) | |
| Defendants. | ) | |
| | ) | |

### AGREED MOTION TO CONFIRM ARBITRATION AWARD

JetGlobal, LLC ("JetGlobal"), by its attorneys, hereby presents this agreed motion

for the entry of an agreed order confirming an arbitration award in its favor and against Aviation

Finance Group, LLC ("AFG") and Craig Garrick (collectively "Defendants").  In support hereof,

JetGlobal states as follows:

### Parties

1.      JetGlobal is a Delaware limited liability company with its principal place of

business in Chicago, Illinois.

2.      Aviation Finance Group, LLC ("AFG") is a Delaware limited liability company

with its principal place of business in Victorville, California.

3.      Craig C. Garrick ("Garrick") is an individual, residing in Victorville, California.

### Jurisdiction and Venue

4.      This Court has jurisdiction over this proceeding pursuant to 9 U.S.C. § 9 and the

parties' March 2008 Settlement Agreement (the "Settlement Agreement").  A true and correct

copy of the Settlement Agreement is attached hereto as Exhibit A.

5.      Venue is appropriate in this Court pursuant to 9 U.S.C. § 9, 28 U.S.C. § 1391, and

the Settlement Agreement.

### Facts

6.     This matter was arbitrated pursuant to the arbitration provision of Paragraph 8 of the Settlement Agreement by William Hartgering (the "Arbitrator"), who conducted an arbitration hearing in Chicago, Illinois on June 11, 2008 pursuant to the JAMS Streamlined Arbitration Rules and Procedures ("JAMS Rules").

7.     JetGlobal, as claimant, and AFG and Mr. Craig C. Garrick, as respondents, (collectively, the "Defendants") participated with their respective counsel in the arbitration.

8.     On June 19, 2008, the Arbitrator issued his award (the "Award"), a true and correct copy of which is attached hereto as Exhibit B. The Award is derived from the terms and provisions of the Settlement Agreement, the relevant law, and is in all respects proper.

9.     The Arbitrator found that in light of the evidence and Defendants' stipulations admitting performance and breach of the described agreements, AFG and Garrick breached the parties' January 2008 Binding Summary of Settlement Terms, Settlement Agreement, and the March 2008 Aircraft Purchase Agreement for the aircraft bearing U.S. registration number N313DL .

10.     The Arbitrator ordered Garrick to pay JetGlobal $300,000.00 as liquidated damages pursuant to Paragraph 4 of the Settlement Agreement.

11.     The Arbitrator further determined that, in accordance with the Settlement Agreement, JetGlobal was the prevailing Party and was entitled to an award of its reasonable fees, costs and fees in connection with the arbitration in the amount of $32,250.00, including the JetGlobal portion of the JAMS and Arbitrator's fees  in the amount of $4,928.22. The Arbitrator ordered payment within 10 days.

12.     The Arbitrator ordered specific performance, whereby AFG was to transfer to Southern California Aviation within 10 business days of the confirmation of the award an amount equal to all storage fees owed by BCI Aircraft Leasing, Inc. or JetGlobal for the aircraft designated as N301DL up to and including January 29, 2008 and for the aircraft designated as

2

Case 1:08-cv-03723    Document 13    Filed 07/10/2008    Page 3 of 5

N313DL up to and including May 9, 2008. AFG was also to provide JetGlobal concurrently with a written declaration that this transfer had timely occurred.

13.     Based on the evidence presented at the arbitration and his interpretation of the language and intent of the Settlement Agreement, the Arbitrator specifically found that, without limitation, all reasonable attorneys' fees and costs in connection with any judicial enforcement of the arbitration award, is to be recovered by JetGlobal, the prevailing Party.

### Confirmation of Award

14.     Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides, in part:

> …[A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

15.     Paragraph 9 of the Settlement Agreement provides that "the Parties consent to the exclusive jurisdiction and venue of the State of Illinois, if necessary, to confirm any award issued pursuant to Section 8."

16.     Subdivisions (a) and (b) of the general venue statute, 28 USC § 1391, provide, in part, that the proper district for venue may be: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or a judicial district where a defendant may be found or is subject to personal jurisdiction (depending upon the type of action). Venue in the United States District Court for the Northern District of Illinois is proper because (a) the arbitration took place in this district; (b) a substantial part of the events giving rise to the Settlement Agreement occurred in this district; and (c) the parties' agreed to the exclusive venue of this district to confirm this award.

17.     There are no grounds upon which to vacate, modify, or correct the Award under Sections 10 or 11 of the Federal Arbitration Act.

WHEREFORE, JetGlobal respectfully requests that the Court enter an agreed order in the form attached hereto as Exhibit C and separately emailed to the Court.

Dated: July 10, 2008, 2008

Respectfully Submitted,

**JETGLOBAL, LLC**


/s/William C. O'Neil_____
*Submitted on behalf of JetGlobal LLC and*
*Defendants Garrick and Aviation Finance*
*Group, LLC with permission*

Derek J. Sarafa (dsarafa@winston.com)
William C. O'Neil (woneil@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

4

## CERTIFICATE OF SERVICE

I, William C. O'Neil, one of the attorneys for Plaintiff JetGlobal, LLC, hereby certify that a true and correct copy of the foregoing **JetGlobal LLC's Agreed Motion for Confirmation of Arbitration Award** was served upon the following:

R. Bruce Duffield
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315

via e-mail and U.S. mail this 10th day of July 2008.

/s/William C. O'Neil_____

# AGREED MOTION TO CONFIRM ARBITRATION AWARD
## INDEX OF EXHIBITS

**Exhibit A**
Settlement Agreement dated March 3, 1998, between JetGlobal LLC,
Aviation Finance Group, LLC, and Craig Garrick

**Exhibit B**
Final Arbitration Award issued on June 19, 2008, by William Hartgering

**Exhibit C**
Proposed Order Confirming Arbitration Award

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of this 3rd day of March, 2008 (the "Effective Date"), by and between JetGlobal, LLC ("JetGlobal"), a Delaware limited liability company, on the one hand, and Aviation Finance Group, LLC ("AFG"), a Delaware limited liability company, and Craig Garrick ("Garrick"), a California resident, on the other hand. JetGlobal, AFG and Garrick are each referred to in this Agreement as a "Party" and collectively as the "Parties."

**WHEREAS**, JetGlobal and AFG entered into a contract on November 14, 2005, whereby AFG agreed to purchase, and JetGlobal agreed to sell, twelve Boeing 737-200 aircraft. A series of disputes arose between the Parties related to this agreement as well as subsequent agreements between the Parties dated December 23, 2005, January 24, 2006, and March 24, 2006.

**WHEREAS**, as a result of these disputes, litigation ensued. Specifically, AFG filed suit against JetGlobal in San Bernardino Superior Court, Victorville Judicial District (Case No. VCVVS-042187) (the "California Action") against JetGlobal, and JetGlobal filed suit against AFG and Garrick in the Circuit Court of Cook County, Illinois (Case No. 2006-L-7334) (the "Illinois Action"). The California Action and the Illinois Action shall collectively be referred to as the "Actions."

**WHEREAS**, the Parties have decided that it is desirable to settle and resolve all claims asserted in the Actions and that settlement evidenced by this Agreement is for the purpose of compromising disputed claims and alleviating the expense, delay and inconvenience associated with the Actions.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, it is mutually agreed by and between the Parties as follows:

1.  **Purchase of N313DL.** AFG shall purchase N313DL for $1,250,000 pursuant to the terms of the Aircraft Purchase Agreement attached hereto as Exhibit A and incorporated by reference herein. Closing on N313DL shall take place on or before May 1, 2008 (the "Closing Date"). Title to N313DL will transfer from JetGlobal to AFG upon AFG's payment of $1,062,500 on or before the Closing Date, and without regard to subsequent payments made pursuant to the terms of the Aircraft Purchase Agreement.

2.  **Storage Fees.** As of the Effective Date, AFG warrants that JetGlobal and BCI Aircraft Leasing, Inc. ("BCI") have a balance with AFG-affiliate Southern California Aviation, Inc. ("SCA") for the storage of aircraft currently owned by BCI and/or JetGlobal. AFG agrees to transfer to SCA within five days of the Effective Date an amount equal to the storage fees for N313DL up to and including the Effective Date and the storage fees for N301DL up to and including January 29, 2008. Thereafter, AFG agrees to assume responsibility for all storage fees related to N313DL from the Effective Date through the Closing Date. BCI and JetGlobal shall be liable for storage fees incurred for N301DL after January 29, 2008, at the agreed upon prices.

PLAINTIFF'S
EXHIBIT
5

3.  **JetGlobal's Bond**. AFG and Garrick shall join JetGlobal in a motion to be filed in the Illinois Action seeking the return of the $125,001 bond paid by BCI on JetGlobal's behalf into the registry of the Clerk of the Circuit Court of Illinois. Upon the release of these funds by the Clerk, AFG and Garrick shall have no further financial interest, right to, or claim to these funds unless JetGlobal fails to convey clear title to N313DL at closing. If AFG fails to close on the aircraft on or before the Closing Date, JetGlobal shall be entitled to keep the $125,001 bond free and clear of any rights AFG or Garrick have or ever had to that $125,001.

4.  **Liquidated Damages**. JetGlobal shall be entitled to liquidated damages ("Liquidated Damages") in the amount of $300,000 from Garrick personally in that event that either (i) AFG fails to purchase N313DL on or before the Closing Date, or (ii) AFG fails to make any one of the three additional $62,500 payments due pursuant to the Aircraft Purchase Agreement within 10 days of their due dates.

5.  **Breach.** In addition to the penalties set forth in Section 4, in the event that AFG or Garrick breach any of the terms of this Agreement, the release contained in Section 7 shall be deemed null and void, and JetGlobal shall retain all rights to pursue the claims asserted in the Illinois Action, including the right to attempt to pursue the allegations of fraud and *alter ego*, which were dismissed without prejudice from the Illinois Action. In this event, JetGlobal explicitly retains the right to attempt to pursue AFG, Garrick (in his personal capacity), and any alleged or actual AFG-affiliates, for breach of the Parties' November 14, 2005 and March 24, 2006 agreements. This provision is not intended to create or increase any rights beyond what JetGlobal may otherwise have had in the Illinois Action.

6.  **Dismissal of the Actions.** The Parties agrees that as soon as possible and in any event within five (5) business days of the Closing Date, the Parties shall take all steps necessary to conclude their participation in the Actions with finality, with prejudice and with each Party to bear its own costs and attorneys' fees.

7.  **Release**. This release shall have no effect until AFG pays the full $1,250,000 for N313DL and is expressly conditioned on (i) JetGlobal's delivery of clear title at closing with respect to N313DL, (ii) AFG's purchase of N313DL on or before the Closing Date, and (iii) AFG or Garrick's full and complete satisfaction of the additional three $62,500 payments after closing. Should these conditions be met:

    a.  <u>Release of AFG and Garrick</u>. JetGlobal and its affiliates hereby release and discharge AFG and Garrick and their affiliates, and their present and former directors, officers, employees, representatives, agents, investors, joint venturers, attorneys or other legal representatives of and from any and all claims, actions, causes of action, suits, rights, damages, liabilities and demands, known or unknown, under the laws, rules or regulations of any country or jurisdiction anywhere in the world that each of them ever had, or now has, or may hereafter arise by virtue of new rights created in

2

law or in equity that have been asserted or complained of in the Actions or that could have been asserted or complained of in the Actions.

b.   Release of JetGlobal. AFG and Garrick and their affiliates hereby release and discharge JetGlobal and its affiliates, and their present and former directors, officers, employees, representatives, agents, investors, joint venturers, attorneys or other legal representatives of and from any and all claims, actions, causes of action, suits, rights, damages, liabilities and demands, known or unknown, under the laws, rules or regulations of any country or jurisdiction anywhere in the world that each of them ever had, or now has, or may hereafter arise by virtue of new rights created in law or in equity that have been asserted or complained of in the Actions or that could have been asserted or complained of in the Actions.

c.   Waiver of Civil Code Section 1542. It is the Parties' intention in executing this Agreement that this Agreement shall be effective as a full and final accord and satisfaction and release of the Actions. In furtherance of this intention, the Parties acknowledge that they are familiar with Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Parties waive and relinquish any right or benefit that they have or may have under Section 1542 of the California Civil Code to the full extent that they may lawfully waive all rights and benefits pertaining to the subject matter of this Agreement.

d.   Protective Orders. Nothing contained in this Agreement modifies the Parties' obligations as set forth in the protective orders entered in the Actions.

8.   **Dispute Resolution.**

a.   Arbitration. Any dispute relating to this Agreement shall be settled by binding arbitration administered before William Hartgering, Esq. Judgment on the award rendered by the arbitrator may immediately be entered in any court having jurisdiction.

i.   *Confidentiality.* Except as may be required by law, neither a Party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both Parties.

3

      ii.     *Duration of Arbitration.* The arbitration shall last no more than one half-day. The award shall be rendered no later than the following day after the completion of the arbitration.

      iii.    *Locale.* The arbitration shall take place in a neutral location in Chicago, Illinois.

      iv.    *Arbitration Rules.* The arbitration shall be conducted in accordance with JAMS expedited rules.

      v.     *Timing.* The arbitration shall be completed within thirty (30) days of either party providing notice of breach of this agreement through counsel of record in the Actions.

      vi.    *Arbitration Costs.* The prevailing Party, as determined by the arbitrator(s), shall be awarded all reasonable costs and fees of the arbitration including, without limitation, the arbitrator's fees and reasonable attorneys' fees.

9.    **Governing Law.** This Agreement is governed by the laws of the State of Illinois. In addition, the Parties consent to the exclusive jurisdiction and venue of the State of Illinois, if necessary, to confirm any award issued pursuant to Section 8. The language in all parts of this Agreement shall in all cases be construed as a whole, according to its plain meaning, and not strictly for or against either party. The parties expressly agree the principle of contract construction that ambiguities are construed against the drafter shall not be applicable.

10.   **Modifications.** This Agreement may not be changed, amended, modified, terminated, waived or discharged except in writing executed by all of the Parties hereto.

11.   **Counterparts.** This Agreement may be executed in counterparts that, taken together, will be effective as if they were a single document.

12.   **No Admission of Liability.** The Parties agree and understand that this Agreement constitutes a compromise of disputed claims, that this Agreement is not to be construed as an admission of liability, and that the Parties expressly deny any liability or wrongdoing. This Agreement shall not constitute a final judicial determination as to the Parties' protectable interests and/or the merits or likelihood of success on the merits of any of the claims asserted in the Actions.

13.   **Non-Waiver.** Any failure by any Party to this Agreement to insist upon the strict performance by another Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement. There shall be no estoppel

4

against the enforcement of any provision of this Agreement, except by written instruments executed by the Party charged with the waiver of estoppel.

14. **Authority to Execute.** Each individual signing this Agreement warrants and represents that he has the full authority and is duly authorized and empowered to execute this Agreement on behalf of the Party for which he signs.

15. **Confidentiality.** Except as provided in Section 6 above ("Dismissal of the Actions"), the Parties agree to keep the terms and provisions of this Agreement confidential. Nothing in this provision, however, shall prohibit disclosure of this Agreement to the Parties' attorneys, accountants, investors, or prohibit such disclosure as may be required by law or by regulatory inquiry, judicial process or order.

16. **Suspension of Hostilities.** In addition to the "Confidentiality" provision (Section 15) of this Agreement, the Parties shall use their best efforts to treat each other with civility and decency.

17. **Assignability.** This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their affiliates. This Agreement shall be binding upon the Parties and their affiliates and their respective successors.

18. **Headings.** The section headings used in this Agreement are intended for reference purposes only and shall not affect the interpretation of the Agreement.

19. **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect. This Agreement has been negotiated by the Parties and their respective counsel and shall be interpreted fairly in accordance with its terms and without any strict construction in favor of or against either Party.

20. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, heirs and assigns.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

_____ LLC                          Aviation Finance Group LLC

By: _____                              By: _____

Name (print) _____                     Name (print) _Craig C. Garrick_

Title _____                            Title _President_

Date _____                             Date _3/7/08_

Craig Garrick _____

_3/7/08_

Date

6

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

JetGlobal, LLC

By _____

Name (print) _Brian N. Hollnagel_

Title _Manager_

Date _3/24/2008_

Craig Garrick

_____

Date _____

Aviation Finance Group, LLC

By _____

Name (print) _____

Title _____

Date _____

6

# Exhibit B

**JAMS, INC.**
**CHICAGO, ILLINOIS**

| | | |
|---|---|---|
| JETGLOBAL, LLC | ) | |
| | ) | |
| Claimant | ) | |
| | ) | |
| v. | ) | No: 1340006913 |
| | ) | |
| AVIATION FINANCE GROUP, LLC & | ) | |
| CRAIG GARRICK. | ) | Arbitrator William E. Hartgering |
| | ) | |
| Respondents | ) | |
| | ) | |

### FINAL AWARD

This matter was arbitrated pursuant to the arbitration provision of paragraph 8 of the Parties' March 2008 Settlement Agreement ("Settlement Agreement") by William Hartgering (the "Arbitrator") who conducted an arbitration hearing on June 11, 2008 pursuant to the JAMS Streamlined Arbitration Rules and Procedures ("JAMS Rules"). The arbitration arose out of a mediation conducted by Mr. Hartgering and resulting January 2008 Binding Summary of Settlement Terms naming Mr. Hartgering as the potential arbitrator (the "Binding Term Sheet.") The Settlement Agreement was a formalization of the terms of the Binding Term Sheet. Claimant JetGlobal, LLC ("JetGlobal") and Respondents Aviation Finance Group, LLC ("AFG") and Mr. Craig C. Garrick ("Garrick") (collectively, the "Respondents") participated with their respective counsel in both the mediation and arbitration.

The Arbitrator having considered the stipulations, testimony and documentary evidence presented by the parties and the arguments of counsel all entered into a stenographic record at the arbitration, and having received additional evidence and material circulated by the Parties through June 17, 2008, makes the following findings and conclusions:

**1.**   Given the modest nature and scope of this proceeding, Counsel for all Parties requested a modification of the "reasoned decision" requirement of the JAMS Rules and circulated and commented upon a Draft Award prepared by JetGlobal consistent with the oral findings made by the Arbitrator during the one-day hearing. The limited detail of this award and the exclusion of relevant contractual provisions generally included in an award of this type are governed by the Parties' joint request.

**2. Breach.** In light of the evidence and the Respondents' stipulations admitting performance and breach of the described agreements, AFG and Mr. Garrick have breached the Parties' January 2008 Binding Summary of Settlement Terms, Settlement Agreement , and the March  2008 Aircraft Purchase Agreement for the aircraft designated as N313DL .   Pursuant to the evidence and the Parties' stipulations, I further find that: (a) each of the Parties' three aforementioned agreements is valid and enforceable; (b) Defendants' breach has caused Plaintiff to suffer damages; and (c) JetGlobal has fulfilled its obligations pursuant to these agreements.

**3. Liquidated Damages.** Garrick shall pay JetGlobal $300,000.00 as liquidated damages pursuant to Paragraph 4 of the Settlement Agreement, which I find valid and enforceable.

**4. Attorneys Fees.**   In accordance with the Settlement Agreement, JetGlobal is the prevailing Party and shall be awarded reasonable fees costs and fees in connection with the arbitration, including the JAMS and arbitrator's fees and reasonable attorney's fees. JetGlobal's total fees claimed are $39,676.06.   Respondents strenuously dispute the

reasonableness of the fees.

Ninety hours for what contractually could not be more than a half-day of arbitration by 3 attorneys and a paralegal appears overly aggressive. There is no support for either the assertion that the hourly rates claimed are "far higher than the norm for the Chicago legal market" (particularly, no use of the Chicago office of Bryan Cave rates or the amount Bryan Cave spent on the arbitration to serve as a baseline) or support for the assertion that the claimed rates are "in line with Winston & Strawn's peer firms in Chicago, including Sidley, Mayer Brown and Kirkland & Ellis."

However, much of the time spent in preparation for the brief, assembling the exhibits, and preparing the opening, direct and cross could have been avoided. Respondents' counsel could have agreed to the stipulations that were made at the outset of the hearing, much earlier in the expedited process. It was unclear from the letter filed directly by Mr. Garrick (none was filed by his counsel) as to what "legal" as opposed to "practical" defenses or position were going to be taken at the arbitration, thus the matter had to be prepared in a manner consistent with Winston & Strawn's professional obligations to represent its client diligently and professionally. Illinois Rules of Professional Conduct 1.1, 1.3. Finally nearly 60% of the legal work was performed by a fifth year associate and not a senior partner. A review of the time sheets indicates some duplication of effort and training. I hereby find that JetGlobal's costs and reasonable attorney's fees are $32,250.00.

**5. Arbitration Fees and Costs.** I hereby find that JetGlobal's share of the JAMS and arbitrator's fees are half of the total fees incurred or $4,928.22.

**6. Arbitration Agreement//Enforcement Fees.** Pursuant to the arbitration clause in Paragraph 8 of the Settlement Agreement, the Parties agreed that "Any dispute relating to this agreement shall be settled by binding arbitration", that "[j]udgment on the award ... may be immediately be entered in any court having jurisdiction", and that "the prevailing Party ...shall be awarded all reasonable costs and fees of the arbitration. Based on the evidence presented at the arbitration and his interpretation of the language and intent of the Settlement Agreement, the Arbitrator specifically finds that, without limitation, all reasonable attorneys' fees and costs in connection with any judicial enforcement of this arbitration award, shall be recovered by the prevailing Party.

**7. Specific Performance.** Paragraph 18 of the JAMS Rules authorizes the Arbitrator to grant Specific Performance. AFG has also breached Paragraph 2 of the Parties' Settlement Agreement, which relates to payment of airplane storage fees. The evidence as to the Parties' history in connection with past breached agreements and attempts to recover damages, the presence of another party affiliated with the Respondents involved in the storage issues, and the potential lien issues establish that the issues are not purely economic. Specific Performance under these facts is warranted.

**8. Release.** The release contained in Section 7 of the Settlement Agreement shall be deemed null and void, and JetGlobal shall retain all rights to pursue the claims asserted in Case No. 2006-L-7334 in the Circuit Court of Cook County (the "Litigation"), including the right to attempt to pursue the allegations of fraud and *alter ego*, which were dismissed without prejudice from this action. JetGlobal explicitly retains the right to attempt to pursue AFG,

-4-

Mr. Garrick in his personal capacity, and any other alleged or actual AFG affiliates for breach of the Parties' November 14, 2005 and March 24, 2006 agreements. Further, nothing in this arbitration or award is intended to deprive AFG or Garrick of their rights to defend themselves or pursue counter claims in the Litigation or intended to create or increase any rights beyond what JetGlobal may otherwise have had in the Litigation.

BASED UPON THE FOREGOING FINDINGS AND CONCLUSIONS:

1. An award is hereby entered against AFG and Garrick and in favor of Jet Global in the amount of:

a. $ 300,000.00 for liquidated damages,

b. $ 32,250.00 for reasonable attorneys fees and costs, in connection with the arbitration, and

c. $4,928.22 for the JetGlobal portion of JAMS fees and costs and those of the Arbitrator. Payment shall be made in 10 business days.

2. Specific Performance. JetGlobal's request for Specific Performance is granted. AFG shall transfer to Southern California Aviation within 10 business days of the date of this award an amount equal to all storage fees owed by BCI Aircraft Leasing, Inc. or JetGlobal for the aircraft designated as N301DL up to and including January 29, 2008 and for the aircraft designated as N313DL up to and including May 9, 2008. AFG shall concurrently provide JetGlobal with a written declaration that this transfer has timely occurred.

3. This award is a final settlement of all claims submitted to this arbitration. All claims not expressly granted herein are hereby denied.   Any dispute in connection with paragraph 2 immediately above shall not delay any judicial proceeding in connection with the enforcement of paragraph 1 and the remainder of this award.

William Hartgering, Arbitrator
Dated: June 19, 2008

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: JetGlobal, LLC / Aviation Finance Group, LLC
Reference No. 1340006913

      I, Beth H. Horwitz, not a party to the within action, hereby declare that on

June 23, 2008 I served the attached Final Award from Arbitrator, William E. Hartgering,

Esq. on the parties in the within action by Email and by depositing true copies thereof

enclosed in sealed envelopes with postage thereon fully prepaid, in the United States

Mail, at Chicago, ILLINOIS, addressed as follows:

William C. O'Neil Esq.
Winston & Strawn, LLP
35 West Wacker Dr.
Suite 4200
Chicago, IL 60601  USA
Tel: 312-558-5600
Email: woneil@winston.com

Derek J. Sarafa Esq.
Winston & Strawn, LLP
35 West Wacker Dr.
Suite 4200
Chicago, IL 60601  USA
Tel: 312-558-5600
Email: dsarafa@winston.com
Fax: 312-558-5700

Bruce Duffield Esq.
Bryan Cave, LLP
161 North Clark St.
Suite 4300
Chicago, IL 60601  USA
Tel: 312-602-5087
Email: bruce.duffield@bryancave.com

Katina E. Austin Esq.
Bryan Cave, LLP
161 North Clark St.
Suite 4300
Chicago, IL 60601  USA
Tel: 312-602-5041
Email: katina.austin@bryancave.com
Fax: 312-602-5050

      I declare under penalty of perjury the foregoing to be true and correct.

Executed at Chicago, ILLINOIS on June 23, 2008.

Beth H. Horwitz
bhorwitz@jamsadr.com

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JETGLOBAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No:  07-CV-3723 |
| AVIATION FINANCE GROUP, LLC and | ) | |
| CRAIG GARRICK, | ) | Honorable John W. Darrah |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER**

This cause coming to be heard on Plaintiff JetGlobal, LLC's Agreed Motion to

Confirm Arbitration Award having, upon consideration of the papers presented by the parties,

and by agreement of counsel, for good cause appearing, it is hereby ordered that Plaintiff

JetGlobal, LLC's Agreed Motion to Confirm Arbitration Award is granted.  The Final Award of

Arbitrator William Hartgering dated June 19, 2008 and attached to JetGlobal's motion as Exhibit

B is hereby confirmed.  This Award shall be docketed as if it was rendered in this action and

shall have the same force and effect, in all respects, as, and be subject to all the provisions of law

relating to, a judgment in the action pursuant to 9 USC § 13.

Dated this _____ day of July, 2008

_____
United States District Judge John W. Darrah